IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROGER C. DAY, JR.<br><br>                Petitioner<br><br>    VS.<br><br>L. STEVEN BENTON, Warden, and<br>MILTON E. NIX, JR.,<br><br>                Respondents | NO. 5:05-CV-54 (CAR)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner ROGER C. DAY, JR. has filed a petition herein seeking federal habeas corpus relief. Tab #1.  Respondents L. STEVEN BENTON, Warden of Macon State Prison, and MILTON E. NIX, JR., Chairman, Board of Pardons and Paroles,  have filed a motion to dismiss this petition for lack of exhaustion of state remedies as required by law. Tabs #7 and #13.[1]  Petitioner DAY has filed his response to the respondent's motion.  Tab #13.

28 U.S.C. §2254(b)(1) and (c) provide as follows:

> *(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-*
>> *(A) the applicant has exhausted the remedies available in the court of the State; or*
>> *(B)(i) there is an absence of available state corrective process; or*
>> *(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.*

---

[1] Per the court's order of May 5, 2005, the respondent supplemented his motion.  Tab #13

> *(c) An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented.*

The respondent argues that petitioner's claims should be dismissed because they have never been properly presented to the state courts for review. Tab #7.  In response to the respondent's motion, petitioner states that his claims were exhausted by the state court in connection with the Fulton County Superior Court cases of *Day v. Nix, et al*, 2004-cv-86218 (Sup. Ct. Fulton County, May 20, 2004) (unpublished) and *David Moore and Roger Day v. Milton Nix, et al*, 2003-cv-77689 (Sup. Ct. Fulton County, March 5, 2004)(unpublished).  Tab #11.  However, a review of the respondents' responses shows that petitioner's claims presented to the state court for review as *Day v.Nix, et al.*, did not concern the parole denial that is the subject of the present petition, and those presented in *Moore and Day v. Nix, et al.*, did not challenge the process by which he was denied parole.  Accordingly, said convictions are unexhausted for the purposes of federal review.

Because petitioner currently has state remedies available to him, his claims are unexhausted for the purposes federal review.  Accordingly, IT IS RECOMMENDED that the respondent's **MOTION TO DISMISS** (Tab #7) be **GRANTED** and that the petitioner's application for a federal writ of habeas corpus be **DISMISSED**, *without prejudice*.[2]  Petitioner may refile his federal habeas corpus petition once he has exhausted his state remedies, *provided all other requirements of law have been satisfied*.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 24th day of MAY, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Dismissals of federal habeas corpus petitions for lack of exhaustion of state remedies are always without prejudice.